Matter of Abbatoy v Baxter (2024 NY Slip Op 02393)

Matter of Abbatoy v Baxter

2024 NY Slip Op 02393

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

31 CA 23-01016

[*1]IN THE MATTER OF DAVID M. ABBATOY, JR., ESQ., PETITIONER-APPELLANT,
v
TODD K. BAXTER, MONROE COUNTY SHERIFF, ANDREW BEYEA, MONROE COUNTY SHERIFF'S DEPUTY, DAVID BOLTON, MONROE COUNTY SHERIFF'S INVESTIGATOR, JEFFREY BRANAGAN, MONROE COUNTY SHERIFF'S INVESTIGATOR, DEBORAH FEEHAN, MONROE COUNTY SHERIFF'S INVESTIGATOR, KRISTY KATHER, MONROE COUNTY SHERIFF'S DEPUTY, LEAH LAROCQUE, MONROE COUNTY SHERIFF'S INVESTIGATOR, GREGORY PROKOP, MONROE COUNTY SHERIFF'S DEPUTY, MICHAEL SHANNON, MONROE COUNTY SHERIFF'S INVESTIGATOR, SCOTT WALSH, MONROE COUNTY SHERIFF'S SERGEANT, RESPONDENTS-RESPONDENTS, AND MONROE COUNTY POLICE BENEVOLENT ASSOCIATION, INC., INTERVENOR-RESPONDENT. 

EASTON THOMPSON KASPEREK SHIFFRIN, LLP, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PETITIONER-APPELLANT. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ADAM M. CLARK OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.
BLITMAN & KING LLP, ROCHESTER (NOLAN J. LAFLER OF COUNSEL), FOR INTERVENOR-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered November 29, 2022, in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, the amended petition is granted, and the determination is annulled.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to disclose, pursuant to the Freedom of Information Law (Public Officers Law § 84 et seq. [FOIL]), certain law enforcement disciplinary records. Petitioner appeals from a judgment that dismissed the amended petition after Supreme Court concluded that respondents were not required to produce records from proceedings conducted on or before June 12, 2020. We reverse.
In this case, we are presented with the issue whether the repeal of former Civil Rights Law § 50-a necessitates a retroactivity analysis (cf. Matter of New York Civ. Liberties Union v City of Rochester, 210 AD3d 1400, 1400-1401 [4th Dept 2022], lv granted 39 NY3d 915 [2023]). We agree with petitioner that it does not. Former section 50-a operated as an exception to the general rule that permitted public access through FOIL to certain government records, i.e., it exempted from disclosure "[a]ll personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency" (see Matter of New [*2]York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563 [2018]). When section 50-a was repealed on June 12, 2020, that exception was removed. " 'A statute is not retroactive . . . when made to apply to future transactions merely because such transactions relate to and are founded upon antecedent events' " (Forti v New York State Ethics Commn., 75 NY2d 596, 609 [1990]). Likewise, it is not a retroactive application of the repeal of section 50-a to conclude that past police disciplinary records are no longer subject to that exception and are now subject to FOIL; it is merely a recognition that police departments faced with FOIL requests cannot rely on an exception that no longer exists to evade their prospective duty of disclosure (see generally Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 228-229 [2017]; Forti, 75 NY2d at 609-610; State ex rel. Beacon Journal Pub. Co. v University of Akron, 64 Ohio St 2d 392, 394-397 [1980]). The court therefore erred in its determination that the exception set forth in section 50-a barred disclosure to petitioner of the requested records from proceedings conducted on or before the date on which that section was repealed and in dismissing the amended petition.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court